IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LAURA, S.,

    Plaintiff,

v.

COMMISSIONER, Social Security Administration,

    Defendant.

Civ. No. 3:16-cv-1966-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff moves for attorney fees of $12,980.41 under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412(d). Plaintiff also moves for costs in the amount of $944.50. 28 U.S.C. § 1920. Defendant, in response, moves this Court to deny the petition, arguing that the Commissioner was substantially justified in their litigation position. For the reasons below, Plaintiff's motion, ECF No. 32, is GRANTED.

## **PROCEDURAL AND FACTUAL BACKGROUND**

This Court originally found that the Administrative Law Judge ("ALJ") did not err in finding that Plaintiff was not disabled. Op. and Order, ECF No. 24. But upon appeal, the Ninth Circuit reversed and remanded for immediate computation of benefits. Memo. Dec., ECF No. 28. The panel specifically noted that "the ALJ failed to provide legally sufficient reasons for discounting [Plaintiff's] symptom testimony, the treating psychologist's opinion, and the lay

1 – OPINION AND ORDER

witnesses' written testimony." *Id.* at 2. Accordingly, Plaintiff's claim was remanded to the ALJ for the calculation and award of benefits. J., ECF No. 37.

## STANDARD OF REVIEW

Under the EAJA, this Court "shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless [this Court] finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Meier v. Colvin*, 727 F.3d 867, 870 (9th Cir. 2013). "It is the government's burden to show that its position was substantially justified." *Meier*, 727 F.3d at 870 (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001)). Substantial justification means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Put differently, the government's position must have a 'reasonable basis both in law and fact.'" *Meier*, 727 F.3d at 870 (quoting *Pierce*, 487 U.S. at 565).

## DISCUSSION

The EAJA establishes a two-part test for determining whether an award of attorney fees is appropriate. First, this Court must determine whether Plaintiff is a prevailing party. *See, e.g.*, *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Second, this Court must determine whether the government was substantially justified in its position in the underlying agency action and litigation. *Meier*, at 870. Neither party contests that Plaintiff is a prevailing party, so Plaintiff's entitlement to attorney fees and expenses hinges on whether the Commissioner was substantially justified in (1) its position in the underlying agency conduct and (2) in its litigation position.

## I. Substantially Justified Position

The Commissioner has the burden to prove that its position was substantially justified, and the Commissioner has failed to do so. Under the EAJA, Plaintiff is only entitled to fees if the Court finds that Defendant's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Defendant's position is substantially justified if "a reasonable person could think [their position] is correct, that is, if it has a reasonable basis in law and fact." *Pierce*, 487 U.S. at 566 n.2. Defendant argues that this Court's original decision and the fact that the panel's decision was not unanimous suggests that Defendant's position was substantially justified. Resp. to Pl.'s Mot. for Attorney Fees 3–4, ECF No. 35.

The Court disagrees. As the Ninth Circuit made clear, the Court erred in finding that the ALJ's decision was free of legal error. And the panel's decision was not on narrow grounds. The panel found that the ALJ committed three separate reversible errors. Memo. Dec. 2. As the Ninth Circuit has cautioned, "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (quotation omitted). Plaintiff's case is not a "decidedly unusual case" because the Ninth Circuit based their decision on evidence already in the record. *Id.*; *see also Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017) ("[T]he government's position must have a reasonable basis both in law and fact." (quotation omitted)).

Plaintiff also correctly notes that Defendant's reliance on this Court's original holding is misplaced. Pl.'s Reply 3, ECF No. 36. When deciding whether Defendant's position is substantially justified, the Court "must consider the issues on which the claimant prevailed." *Id.* (citing *Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010)). The Ninth Circuit not only

3 – OPINION AND ORDER

found that the ALJ erred in multiple ways, but that immediate award of benefits was warranted because the record was fully developed. *See* Memo. Dec. 1–6. Ultimately, the fact that this Court first agreed with Defendant "does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 569.

In sum, because Plaintiff prevailed at the Ninth Circuit and that panel found that the ALJ committed multiple legal errors, this Court finds that Defendant's position was not substantially justified. *Decker*, 856 F.3d at 664.

## II. EAJA Award

Plaintiff's counsel filed a declaration and an itemized statement of attorney fees proving that counsel worked 65 hours on this case and that the attorney fees total $12,980.41. ECF No. 33; 33-1. Defendant did not contest the amount of fees requested. Plaintiff also requested $944.50 in costs.

An award of attorney fees under the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A). This Court has an independent duty to review the fee request to determine its reasonableness. *See, e.g.*, *Hensley v. Eckerhart*, 461 US 424, 433 (1983). Upon review, the Court finds that the requested attorney fees are reasonable, and Plaintiff is awarded $12,980.41. Plaintiffs is also awarded $944.50 in costs. 28 U.S.C. § 1920.

## **CONCLUSION**

For these reasons, Plaintiff's motion, ECF No. 32, is GRANTED. Plaintiff is awarded attorney fees and costs in the amount of $13,924.91, which should be made payable to Tim Wilborn via check. *See* ECF No. 32; 32-1.

IT IS SO ORDERED.

DATED this 8th day of June, 2021.

          __s/Michael J. McShane____
          Michael J. McShane
          United States District Judge